875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Monte SMILEY, Petitioner-Appellant,
v.
Al C. PARKE; Attorney General of Kentucky, Respondents-Appellees.
 No. 88-6134.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1989.
 
 1
 Before MILBURN, Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 2
 Monte Smiley appeals pro se the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smiley claimed that his 1972 convictions for storehouse breaking and armed robbery violate due process because his guilty pleas were involuntary and erroneously accepted by the trial court. The district court dismissed the action concluding that Smiley's claims are precluded from federal review because he procedurally defaulted in the state courts when he failed to challenge the convictions before they were relied on to support his persistent felony offender conviction.
 
 
 4
 Upon consideration, we conclude that the district court's judgment must be vacated and the cause remanded. A petitioner's procedural default in the state courts does not bar federal habeas relief of his claims unless the last state court rendering judgment in the case clearly and explicitly relied on the procedural default to deny relief. See Harris v. Reed, 109 S.Ct. 1038, 1042-43 (1989); Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986). The basis for the state appellate court's decision in this case, the last state decision rendered in this matter, is not clear and explicit in this regard. Hence, as it cannot be concluded that the procedural default served to preclude state appellate review of Smiley's claims, the procedural default cannot serve to bar federal habeas review of the claims. The merits of this matter must, therefore, be considered by the district court. See Harris, 109 S.Ct. at 1045.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the cause is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation